Justice Stevens,
concurring.
Although I join the Court’s opinion in full, I write separately to highlight that the Court has sensibly declined to resolve whether the plurality opinion in O’Connor v. Ortega, *766 480 U. S. 709 (1987), provides the correct approach to determining an employee’s reasonable expectation of privacy. See ante, at 757. Justice Blackmun, writing for the four dissenting Justices in O’Connor, agreed with Justice Scalia that an employee enjoys a reasonable expectation of privacy in his office. 480 U. S., at 737. But he advocated a third approach to the reasonable expectation of privacy inquiry, separate from those proposed by the O’Connor plurality and by Justice Scalia, see ante, at 756-757. Recognizing that it is particularly important to safeguard “a public employee’s expectation of privacy in the workplace” in light of the “reality of work in modern time,” 480 U. S., at 739, which lacks “tidy distinctions” between workplace and private activities, ibid., Justice Blackmun argued that “the precise extent of an employee’s expectation of privacy often turns on the nature of the search,” id., at 738. And he emphasized that courts should determine this expectation in light of the specific facts of each particular search, rather than by announcing a categorical standard. See id., at 741.
For the reasons stated at page 762 of the Court’s opinion, it is clear that respondent Jeff Quon, as a law enforcement officer who served on a SWAT Team, should have understood that all of his work-related actions — including all of his communications on his official pager — were likely to be subject to public and legal scrutiny. He therefore had only a limited expectation of privacy in relation to this particular audit of his pager messages. Whether one applies the reasoning from Justice O’Connor’s opinion, Justice Scalia’s concurrence, or Justice Blackmun’s dissent* in O’Connor, the result *767 is the same: The judgment of the Court of Appeals in this ease must be reversed.

1 do not contend that Justice Blackmun’s opinion is controlling under Marks v. United States, 430 U. S. 188, 193 (1977), but neither is his approach to evaluating a reasonable expectation of privacy foreclosed by O’Connor. Indeed, his approach to that inquiry led to the conclusion, shared by Justice Scalia but not adopted by the O’Connor plurality, that an employee had a reasonable expectation of privacy in his office. See O’Connor v. Ortega, 480 U. S. 709, 718 (1987) (plurality opinion). But Justice Blackmun would have applied the Fourth Amendment’s warrant and probable-cause requirements to workplace investigatory searches, id., at *767 732 (dissenting opinion), whereas a majority of the Court rejected that view, see id., at 722, 725 (plurality opinion); id., at 732 (Scalia, J., concurring in judgment). It was that analysis — regarding the proper standard for evaluating a search when an employee has a reasonable expectation of privacy — that produced the opposite result in the case. This case does not implicate that debate because it does not involve an investigatory search. The jury concluded that the purpose of the audit was to determine whether the character limits were sufficient for work-related messages. See ante, at 754.